**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PHILLIP STACEY                                          Case No. 1:08-cv-747

    Plaintiff,                                          Barrett, J.
                                                                                                                             Bowman, M.J.
    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

In October 2008, Plaintiff sought judicial review of the Commissioner's decision finding him not disabled. (Doc. 1). On February 18, 2010, the magistrate judge recommended affirming the Commissioner's decision (Doc. 10). On March 31, 2010, the district court adopted the magistrate judge's report and recommendation. (Doc. 14). Plaintiff then filed a notice of appeal. (Doc. 16). On December 19, 2011, the Sixth Circuit Court of Appeals issued a decision reversing and remanding the case to the district court with instructions to remand the case to the Commissioner for further proceedings. (Doc. 20, 21). On remand, the Commissioner found Plaintiff to be disabled and entitled to disability benefits as of May 2005. (Doc. 25 at 9).

Now before the Court is a motion by Plaintiff's counsel for a contingency fee award in the amount of $20,000.00 pursuant to 42 U.S.C. §406(b)(1)(A).[1]  See

---

[1] Section 406(b)(1)(A) provides:

    Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

*Horenstein v. Sec'y of Health & Human Servs.,* 35 F.3d 261, 262 (6th Cir.1994) (en banc). Plaintiff's counsel's motion has been referred to the undersigned for initial review and a Report and Recommendation. Upon careful review the undersigned finds that the motion is well-taken and should be granted as outlined below.

Plaintiff entered into a fee agreement with his counsel authorizing a 25% contingency fee of past due benefits payable to Plaintiff. (Doc.25 at 6). Following an Order from the Sixth Circuit Court of Appeals remanding this matter back to the Commissioner for further proceedings, an Administrative Law Judge ("ALJ") issued a favorable decision, finding the Plaintiff disabled as of March 2005, and awarding him retroactive benefits in the amount of $104,231.00. (Doc. 25 at 11). Twenty-five percent of that sum or $26,057.75 has been withheld for the payment of attorney's fees. *Id.*

Here, Counsel's instant motion seeks $20,000.00 for the 40 hours of time spent litigating Plaintiff's judicial appeal. As noted above, Title 42 U.S.C. §406(b) authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. 42 U.S.C. §406(b). Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Section 406(b) "does not displace contingent-fee agreements," but rather "calls

---

of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir.1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would ... enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.,* 900 F.2d 981, 982 (6th Cir.1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*

In the present case, the undersigned finds that Plaintiff's requested fee of $20,000.00 is reasonable. This calculates to be an hourly rate of $500.00 which the Court finds does not amount to a windfall to Plaintiff's counsel. There have been no allegations of, nor has the Court found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee. Quite to the contrary, Plaintiff was well represented by counsel in this case. *See Wright v. Astrue,* No. 3:09–cv–115, 2012 WL 2700393, at *2–3, 2012 U.S. Dist. LEXIS 93489, at *6–7, (S.D.Ohio July 6, 2012) (Merz, M.J.), adopted by 2012 WL 3023258, at *1, 2012 U.S. Dist. LEXIS 103014, at *1 (S.D.Ohio July 24, 2012) (Rice, J.)

(approving a contingency fee award of $15,000.00 for 27.80 attorney hours (a hypothetical hourly rate of $539.57) under the Social Security Act).

It is therefore **RECOMMENDED** that the Plaintiff's counsel's motion for §406(b)(1)(A) fees (Doc. 25) be **GRANTED,** and that Plaintiff's counsel be **AWARDED** the requested **$20,000.00** in fees.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PHILLIP STACEY,                                      Case No. 1:08-cv-747

    Plaintiff,                                   Barrett, J.
                                                  Bowman, M.J.
v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).